Good morning to all. Please approach the bench and introduce yourselves to the court. Good morning. My name is Drew Waldstein. I represent the Appellate Department of Parada. Good morning, Your Honors. Assistant State Attorney Alan Spellberg representing the people of the state of Illinois. And Appellant, how much time do you want to reserve before we vote? Three minutes. Okay. Let's proceed. Good morning. Good morning. Before you proceed, I want to ask you one question. Yes. Are you asking us to write that we're going to abandon the fugitive rule? No. Longstanding fugitive rule in Illinois. No, that's not what we're requesting. Our position is that he had an appointed counsel, filed a notice of appeal, stated in a motion that she was going to proceed to do the appeal. It was capable of doing that. She abandoned the appeal and it was dismissed without prejudice. Go ahead. No position. Then I'll answer my question. It wouldn't be necessary to abandon the fugitive dismissal rule. It's a discretionary rule that allows the appellate court to dismiss it without prejudice. Therefore, there's nothing about what we're requesting that would require that rule to be changed. If it was dismissed without prejudice, it had to be done for that. So you're requesting that we remand this to the circuit court for an evidentiary hearing. Correct. What would develop in an evidentiary hearing with regards to prejudice? Well, we don't believe that prejudice would need to be demonstrated in particularity. Our argument – our position is that the current record, if it was presented at Thursday's hearing, would meet the requirement to establish prejudice. It would or would not? I'm sorry. I didn't understand. It would or would not? It would. It would meet that. But our position is that a Thursday hearing could also demonstrate the communication between counsel and client after he was convicted and sentenced. There was an allegation in his affidavit that he was actually speaking to counsel when he was in California and that counsel communicated to him that he was convicted and sentenced. So that would probably bear some relevance as to how the appeal could have proceeded, issues related to that. But our position is that the record, as it's currently demonstrated, shows that counsel was appointed. She had an obligation under the Sixth Amendment and under the Rules of Professional Conduct to proceed with the appeal. She instead chose to abandon it and that it was dismissed without prejudice. Mr. Prada was never told that. He never knew that. Under Illinois law, under People v. Party, even though he was absent, he could still proceed in an appeal. In his affidavit, it's alleging that he wanted to proceed in the appeal. So our position is that what's shown now would establish a constitutional violation. But as I said, there is still more that could come out in a Thursday hearing. He could testify, counsel could testify, more of these things could be developed or new things that we don't even currently anticipate. So you want a new bite of the apple, basically, is what you're saying? No, I mean, he never got a bite of the apple. He never got an appeal. No public attorney has ever reviewed the record, advocated for him in a direct appeal. He's never had the opportunity to have it. It's kind of hard to advocate for a client who's not present, isn't it? Who's absconded from the jurisdiction. That's kind of a difficult task that you're putting on an attorney, aren't you? Well, I would say no. Based on how the appeal would work, an attorney could review the record, write a brief, without needing to communicate with the client. But more importantly, as I said, his affidavit alleges he was in communication with counsel after he left. So I would argue that that would make it possible, would be possible with the communication with the client. Now, maybe this Court would have decided to dismiss it without prejudice under the future rule and wait until he came back to actually hear it. But, again, that doesn't mean the appeal is not possible. I mean, that's exactly what People v. Part D says. Even if you're willfully absent, an appeal is still possible, and you have a right to that. Why wasn't the motion to reinstate, which was denied, appealed? Unfortunately, we don't. Based on this record, we don't know. We don't really know why the motion was denied nor what really transpired after it. We also don't really know why the request to the Supreme Court was also denied or what happened with that or what really happened with the litigation around it. But I'll say that even if that was denied or the reason why, those, you know, they don't control this issue because we don't really know what was presented to the Court when it was deciding that issue. And what's developed in this post-conviction proceeding is evidence that counsel had an agreement to proceed on the appeal and demonstration that counsel just abandoned the appeal. We don't know what was demonstrated in the motion, so we can't really say what bearing it would have in this case. So you're saying that a fugitive has the right to appeal? Yes. Okay. And can you cite me a case that says that? That would be People v. Part T, also 725 LCS 5114-4, so that all procedural rights are maintained as though you were present. Therefore, under Illinois law, you have a con – well, under the Illinois Constitution, excuse me, there's a right to an appeal. So an absent person doesn't give up that right. I mean, does the Part T case really say that? Yes. Where? Unfortunately, I don't have a page cite for you, but Part T in this Court's decision, People v. Dupree, also explicitly says that Part T stands for the proposition that a fugitive has a right to an appeal. Okay. Going back to the failure to perfect the appeal, is the State's interpretation of People v. Goldman correct? No, I don't believe the State's interpretation. Why not? Well, the State's interpretation would put the Supreme Court's decision in People v. Moore in contradiction with itself. People v. Moore, the Court said that the attorney in that case failed to perfect the appeal. The attorney in that case filed an officer appeal. The attorney in that case did not file a document statement or proceed in the appeal. So if the State's logic is correct, somehow Moore would stand for its opposite conclusion, which is that an attorney who doesn't proceed on an appeal, doesn't file a brief, file the record, would – that prejudice wouldn't be preserved, even though the Supreme Court explicitly said it was preserved in that case. Also, I think the State's focusing on the word perfect is focusing on a very narrow definition of perfect, which is jurisdictional perfection. What the Supreme Court and all the appellate court cases, which interpret Moore, are talking about is a much broader version of perfect, which is to complete the appeal, to actually prosecute it, to file a record, file a brief. Those are the steps needed to perfect an appeal in this broader sense. So even if the State may be right in the word perfect in this one narrow sense, clearly in this issue and in this legal point, the Supreme Court and appellate courts have held perfect means to actually file a brief, file a record, complete the appeal. Thank you. Is there any further questions? Okay. Then I'll reserve the rest of my time for rebuttal. Thank you. Good morning again, Your Honors. Assistant State's Attorney Alan Spelberg on behalf of the people. To clarify, just a couple of points from counsel's presentation. First off, Ms. O'Daniel, defendant's trial attorney and then appellate attorney, was a retained attorney. She had not been appointed to handle the appeal, just to clarify the facts on that. Second of all, while counsel is correct that fugitive defendants do have a right to appeal, and that the appellate court has the discretion to dismiss it based upon the fugitive disentitlement doctrine, it is not something that is challengeable in that regard. It is entirely up to the appellate court's decision to dismiss it. It is called for purposes of lack of a better term dismissal without prejudice, but under the case law and the Constitution and the Supreme Court rules, that dismissal becomes final after 21 days. And so the appeal cannot be reinstated absent supervisory order from the Illinois Supreme Court, which is what the defendant tried to do in this case. He tried to reinstate the appeal eight years after he was convicted. The appellate court rejected it. This court rejected it based upon lack of jurisdiction, went to the Supreme Court, and the Supreme Court denied the right, denied a supervisory order to reinstate the appeal. So there's no longer a possibility of this court or the trial court pursuant to the Post-Conviction Hearing Act reinstating the direct appeal. And that's exactly what Moore says, and that's what Golden says. And Golden makes it clear in that regard. Golden stressed the ---- But doesn't Golden ---- I'm sorry to interrupt, but doesn't Golden actually deal with significantly different issues than what we have here? Your Honor, yes. Golden deals with a different factual scenario. You're 100 percent correct, where that involved an appellate attorney who failed to file a complete record, and then the claim on appeal, the claim in the post-conviction proceeding was because of the failure to file the complete record, the defendant was denied his right to appeal, and so therefore he should be able to have the appeal reinstated. What the Illinois Supreme Court said, citing Golden, is that you can't presume prejudice from the failure to file the record because the appeal had been perfected. And by saying perfected, the court relied upon the longstanding understanding that the only jurisdictional step to perfect an appeal is the filing of the notice of appeal. And they cited Moore for that proposition. And contrary to what counsel said, Moore stands for that proposition directly because in Moore, and this can be found on pages 339 to 340 of the decision, the citation is 133 L. 2nd. 331 at pages 339 to 340, the court discusses how a post-conviction ---- in a post-conviction proceeding, prejudice can be presumed where there was no filing of a notice of appeal. And then they go on to say, while a post-conviction proceeding has held to be preferable under the facts of will, where a defendant is here, has once properly invoked appellate jurisdiction only to have its appeal dismissed through no fault of his own, appellate counsel's failure to comply with appellate rules, this Court has opted for reinstatement by motion to the appellate court, meaning that the rule of lack of prejudice to be applied in post-conviction proceedings is only applied when there's been no notice of appeal. And that makes sense from a jurisdictional standpoint because, as I stated before, the direct appeal, once the appellate court is invoked, once the power is invoked and then it's dismissed, it can't be reinstated absent supervisory authority from the Supreme Court. But where no notice of appeal has been filed, which is what Moore ---- which is what cited in counsel's opening brief. Where no notice of appeal has been filed, meaning there's never been appellate jurisdiction to be invoked at all, then the relief of allowing a late notice of appeal can be granted. What the defendant is asking for here is effectively to reinstate his earlier dismissed notice of appeal, his earlier dismissed direct appeal, which Golden says can't be done. And that's why we say that this is proper. So what the defendant had to do in this case was allege ineffective assistance of appellate counsel and prove both Strickland prompts, both the deficient conduct and the prejudice. And he hasn't been able to do that. He didn't do it below. He doesn't do it here. He can't do it here clearly because of the fugitive disentitlement act. The case law is clear. When the defendant is a fugitive on appeal, the appellate court has the authority to dismiss it. He does not have the right to pursue the appeal when he is absconded and it is no longer willfully present because he's taking advantage of the system. He's wasting judicial resources. The appellate court has the discretion to not grant that motion, to not do that, but the defendant doesn't have the right to demand that his appeal be heard. I have a question on the denial of the motion to reinstate. Counsel just stated that there's no record as to why it wasn't appealed or what happened when the motion was denied. Is that what your understanding is? My understanding is that I believe it was in 2008 or so after 2009 after he is extradited back to Illinois. He filed a pro se motion to reinstate, which was denied, and there is a letter from then the clerk's staff attorney, Cindy Weil, saying that because the case is so old, we no longer have the original documents, but it's been denied. I have to believe it was denied for lack of jurisdiction because of the 21-day restriction. Whether or not he chose to pursue it to the Supreme Court or not, I don't know what advice he was given. He wasn't represented by counsel at that time. He hadn't filed a post-conviction petition, so I don't know what he did or didn't do. He did, however, in the midst of the post-conviction petition, file a motion for supervisory order seeking relief. In fact, the attorney told the trial judge presiding over the post-conviction petition that she was going to do that, and please hold off on ruling on the PC until this gets resolved. She filed it. We filed a response. The Supreme Court denied it. So whether or not the rationale for the court denied it, but the key is that the direct appeal has not been reinstated and cannot be reinstated at this point. So now the defendant's only options are to seek post-conviction relief. And what he should have done and what he didn't do, despite numerous opportunities, was to have his attorney who was appointed to represent him on the post-conviction petition, comb through the record, as the way counsel had just indicated, look for any claims of constitutional violations that he could have raised and present them to the post-conviction court and determine whether or not he was entitled to any relief. No such pleading was ever filed in this case. No such argument was ever offered. No such claim has ever been identified. And because of that, the only question we have here essentially is whether or not the appeal should be reinstated. As I said, it cannot. Moore makes that clear. Golden makes that clear. The Supreme Court rules make that clear. And the Fugitive Disentitlement Doctrine demonstrates that the denial of his appeal, the dismissal of his appeal, didn't violate his due process rights because he abandoned them when he chose to abscond. If there's no further questions, the people respectfully request that this Court affirm the trial court's decision dismissing the post-conviction petition. Thank you. I think I want to focus on one of the biggest points, which is whether or not he could have had his appeal reinstated. Eleanor Law, starting with Moore, starting with the numerous appellate court cases that come after, talk about that in a situation like this where counsel has abandoned the appeal, failed to, in their terms, perfect it, or in future cases, making this distinction between the failure to prosecute and a failure to raise certain issue, that an appeal can be reinstated. There was a lot of talk about Golden. Golden is a completely distinguishable case. In that case, the attorney filed a brief. The allegation was the record was not totally complete. That's essentially an allegation that appellate counsel failed to raise a specific issue. This case is distinguishable. Appellate counsel in this case just abandoned the appeal, caused it to be dismissed. Multiple cases say that she had a professional obligation and an obligation under the Sixth Amendment to either proceed with the appeal or withdraw under the rules. There was no third option of just allowing the appeal to be dismissed because for whatever reason. We don't really know. I'll also emphasize that there was some discussion about if it had been dismissed in the future rule, it would have been filed after 21 days. That's all speculative. This court knew at the time that he had been a fugitive, and this court did not dismiss it according to the future rule. Dismissed it for want of prosecution, which is without prejudice, also with the future rule also without prejudice, meaning that he retained his right to an appeal. Appellate counsel could have merely filed a motion and said, okay, I'm representing Mr. Prada. I'm going to proceed with the appeal. Please reinstate the appeal. It's speculation to wonder what would have happened or what could have happened. All we know is that appellate counsel, who was representing him, said in the motion for bond, in the notice of appeal, and with the prior agreement that she would proceed on the appeal instead of banning it. Were you basing your argument that this court didn't know that he was a fugitive at the time? Well, in the order of dismissing the appeal for want of prosecution, the court said that he was a fugitive. It specifically indicates that he was a fugitive. So the court had some awareness that at the time that it was dismissing the case for want of prosecution that he was a fugitive or absent. I think the conclusion from that is that at the time, the court looked at the record, saw that he had an appellatory, and said, okay, we're just going to dismiss it for want of prosecution. But we don't know that. We don't know that. As I said, this whole thing is speculation. It's speculation to also assume that this court would have dismissed it under the future rule, whereas Part T indicates that the appellate courts do not necessarily do that. The – there was also some discussion about the motion to reinstate the appeal, supervisory order. Those motions are non-precedential. They don't have any determinative impact on what's happened in this case. For a bunch of reasons, we don't really know even what was presented in those motions. Now, if it's truly relevant, that's something that could be discussed in a third-stage hearing. But what is at – what is at issue is the fact that he was absent, didn't foreclose his ability to get an appeal. This – the elementary Supreme Court has stated that. Statute supports that. He had the constitutional right to an appeal. The State does not disagree with that basic point. If he had the right to an appeal, even if the court could have discretionarily dismissed it, appellate counsel has an ethical and constitutional duty to maintain his interest. Instead, appellate counsel just abandoned the appeal. And there are – there are plenty of cases discussing how that is ineffective. Specifically, People v. Meeks discussed how in a case where appellate counsel thought the appeal had no merit, he just abandoned it. And the court discussed how that was a violation of the rules of professional conduct, how it was objectively unreasonable to allow that to happen. I also want to turn to the question of per fact again. I think that this is – I think that this is kind of getting into a distracting territory when the appellate courts are very clear that there is a distinction between two things, ineffective assistance of counsel for failing to prosecute an appeal and ineffective assistance of counsel for failing to raise an issue. That is what MORE stands for. MORE stands for that there is a difference between those two things. In one of those cases, failure to prosecute the appeal, prejudice is presumed. In the other case, a defendant needs to prove prejudice. Now, the question of what relief can be granted, ROS stands for the proposition that the trial court could grant a new notice of appeal. Now, of course, ROS in those cases are an instance where no notice of appeal was ever filed, but that's not really relevant. What's relevant is ROS says that if a defendant's – if an attorney is ineffective in their failure, a trial court has the power to grant a notice of appeal. There's no reason why in this case where it's shown that appellate counsel failed to prosecute his appeal and therefore was dismissed, so he never got a direct appeal, why the trial court could not also grant a new notice of appeal in this case. If there are no further questions, we would – we would just request that you remand for a third seizure. Thank you. Thank you guys very much for giving us such an interesting case. We'll have an order for you shortly. The court is adjourned.